**Oliver R. BATSON and Donna Batson, Plaintiffs in Error,**

**v.**

**The CITY OF STILLWATER, Oklahoma, a Municipal Corporation, Defendant in Error.**

**No. 41654.**

Supreme Court of Oklahoma.

April 15, 1969.

Rehearing Denied May 6, 1969.

Fitzgerald & Houston, Stillwater, for plaintiffs in error.

Daniel D. Draper, Jr., Stillwater, for defendant in error.

PER CURIAM:

The plaintiff in error will be referred to as the Batsons and the defendant in error will be referred to as the City of Stillwater or City.

Under Oklahoma Constitution, Art. II, § 24, and 27 O.S.1961, § 5, the City of Stillwater brought a suit in condemnation against several defendants to acquire land to be used in extending its sewer system, construct a sanitary sewage disposal plant and lines for servicing said plant and for processing and treating the sewage from the City of Stillwater and surrounding area. It was necessary to acquire fee simple title to some land and perpetual and temporary easements over other lands. The Batsons owned the land (160) acres under which it was necessary for the City to acquire five separate tracts to complete the construction and operation of the sewage disposal plant. The tracts and purposes are as follows:

Tract 1 was for a fee interest covering 0.33 acres.

Tract 2 was for a permanent easement for pipeline covering a strip 25 feet in width and 2635 feet long containing approximately 1.6 acres.

Tract 2A was a temporary easement lying along each side of the permanent easement described as Tract 2 above, and said temporary easement to expire and revert when construction under Tract 2 is completed.

Tract 3 was a perpetual easement covering a strip of pipeline purposes covering approximately 0.515 acres.

Tract 3A was a temporary easement necessary for the laying of pipeline under Tract 3.

The Batsons filed a motion for permission to file a cross-petition which was granted. The cross-petition asked for additional damages over and above the damages for the taking of the above property, alleging that the taking of said property and the construction of the sewer plant on other land near the proximity of the only dwelling house on the Batsons' farm would render their premises unfit for human habitation because of the noise, lights and foul odors.

The case was tried to the jury and was submitted for its determination on two phases. Phase One of the case is primarily an ordinary condemnation suit where property is taken or damages for public use and compensation therefor has to be paid by the condemning party. Instruction No. 2 of the instructions sets this up. We set it up:

"You are instructed that the Constitution of this State provides: 'Private property shall not be taken or damaged for public use without just compensation. Such compensation, irrespective of any benefit from any improvements proposed, shall be ascertained in the method provided by law, and paid to the party whose property is condemned.

"Just compensation as used herein means the payment to defendants by plaintiff of such sums of money as will make the defendants so that, upon receipt of same, they will not be poorer by reason of the property being taken or damaged than they would be if the property .had not been taken or damaged; nor should they be enriched by the taking or damaging.'"

No complaint is made of instructions dealing with Phase One. A verdict for $6,000.00 was rendered for the Batsons on Phase One and judgment entered thereon from which no appeal was taken.

The Batsons raise the question as to the use for which this property was taken. We do not see any reason for concern as to this because the use for which the property was taken was clearly public.

Although it may not have been necessary for the Batsons to file a cross-petition for damages sustained over and above the land taken and the damage to the remainder this permission was given here. See Vol. 5, Okl.Law Review, p. 122. Under the pleadings and under the evidence the case was tried as an action in tort.

The Batsons, in their amended cross-petition, allege "that the manner of functioning of said 36-inch by-pass line and the manner of operation of said sewer system and disposal plant, as aforesaid, constitutes a *nuisance* and that in addition to the damage from the taking of their land covered in Phase One of this case, the land of these defendants has been further permanently damaged by reason of such *nuisance* in an additional amount of $15,000.00, for which they pray judgment against the City." (emphasis ours)

The jury heard evidence on the alleged damage suffered by virtue of the maintenance of a nuisance and the resulting damage after the sewage disposal plant was in full operation. There was testimony by competent witnesses that there was no such damage in the case. The jury by its verdict said there was no such damage and this was within its province. The question here was whether the defendants, Batsons, had been damaged over and above what they had been allowed under "Phase One." The court instructed the jury fairly and properly on all issues presented. We see no reason to overturn the jury's determination of this question. See 40 A.L.R.2d 1177.

Judgment affirmed.

All the Justices concur.

The Court acknowledges the aid of Supernumerary Judge HARRY L. S. HALLEY in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.